IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MICHAEL WALTER SMITH and
WALTER W. SMITH,                                           Case No. 1:13-cv-01201-CL

          Plaintiffs,

     v.

                                               **REPORT &**
                                       **RECOMMENDATION**

MUTUAL OF ENUMCLAW INSURANCE
COMPANY,

          Defendant.

_____

CLARKE, Magistrate Judge

     This matter comes before the court on the defendant's motion for summary judgment

(#9).  For the reason below, defendant's motion for summary should be granted and the case

should be dismissed without prejudice.

## BACKGROUND

     Plaintiffs Michael Walter Smith and Walter W. Smith ("Plaintiffs") have filed a

Complaint alleging that on or about July 18, 2012, a residential burglary occurred and property

owned by Charles A. Smith was stolen. Plaintiffs allege that they are due benefits under a homeowner's insurance policy with the defendant.

## STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. Id. at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

Defendant brings a motion for summary judgment claiming that, under the subject insurance policy, plaintiffs were required to submit to an examination under oath (EUO), and

have failed to do so.  Defendant claims that the EUO provision is a condition precedent to filing

a lawsuit based on the policy.  Plaintiffs claim that they attempted to make themselves available

for EUOs by the defendant, but that delay and lack of action on defendant's part required them to

file suit to obtain relief.

The relevant policy provisions are as follows:

SECTION 1 – CONDITIONS

> 2. **Your Duties after Loss.**  In case of a loss to covered property,
> you must see that the following are done:
>> a. give prompt notice to us on or our agent;
>> b. notify the policy in the case of loss by theft;
>
> \*\*\*
>
>> f. as often as we reasonably require:
>
> \*\*\*
>
>>> (3) submit to examination under oath, while not in
>>> the presence of any other "insured", and sign the
>>> same;
>
> \*\*\*
>
> 8. **Suit Against Us.**  No action can be brought unless the policy
> provisions have been complied with and the action is started within
> two years after the date of loss.

Defense Exhibit 6 (Doc. #11-6).

   Another court in this district has previously addressed a nearly identical issue and found

that the EUO policy condition is a condition precedent and not a condition of forfeiture.  Gerke

v. Travelers Cas. Ins. Co. of Am., 815 F. Supp. 2d 1190, 1202 (D. Or. 2011).  Additionally, that

court found that substantial compliance with such conditions is not sufficient to satisfy the

provisions requiring the insured to submit to the EUO prior to bringing suit.  Id. at 1203.

However, the court determined that the plaintiff's "failure to comply with these conditions does

not bar his ability to bring suit to recover, but merely suspends his ability to bring suit until he

has fully complied with those conditions."  Id.

The Court finds this case to be substantially similar to Gerke.  Plaintiffs concede that they have not submitted to the EUOs.  The EUOs are required under the policy terms as a condition precedent; thus Plaintiffs cannot bring suit until they have done so.

Plaintiffs cite to Dockins v. State Farm Ins. Co., 329 Or. 20, 24, 985 P.2d 796, 798 (1999) and propose that under ORS 742.061 they are entitled to bring a claim six months after providing a proof of loss to the defendant regarding their claim.   The statute referenced states in part, "if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon." ORS § 742.061.  Plaintiffs' reliance on this statute is premature.  The statute clearly sets forth provisions allowing an insured who is forced to litigate a valid claim to seek attorney fees if (1) he or she prevails on such a claim and (2) the insured had sufficient notice and time to investigate the claim.  The statute does not allow an insured to file suit without complying with the conditions precedent stated in the policy merely because six months have gone by since proof of loss was provided.

Plaintiffs also contend that the defendant could potentially delay scheduling the EUOs long enough to run out the clock on the two-year contractual limitation for bringing an action based on the policy.  However, the Court finds no reason that this should be the case.  The parties are required to make a good faith effort to comply with the terms of the contract, and the Court is confident that both sides will work together to accomplish what needs to be done in the appropriate timeframe.

## RECOMMENDATION

Defendant's motion (#9) should be GRANTED, and the action should be dismissed without prejudice.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of December, 2013.

_____
MARK D. CLARKE
United States Magistrate Judge